FILED

THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION     -3 JUN 99 PM 4:02

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

BY: _____

MK GOLD COMPANY,                )     Case No. 2:96-CV-0935-S

      Plaintiff,         )

  vs.                           )     R U L I N G

MORRISON KNUDSEN CORPORATION,   )

      Defendant.         )

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *


This matter is before the court for consideration of defendant's motion for partial summary judgment on plaintiff's Third Cause of Action involving breach of the License Agreement and the implied covenant of good faith and fair dealing. The court has reviewed the parties briefs, including the previous memoranda filed in connection with earlier motions for summary judgment already ruled on by the court, and finds the issue ripe for resolution. Considering the lengthy hearing held on the previous, closely related motions for summary judgment and the court's familiarity with the facts and issues involved in the pending motion, pursuant to DUCivR 7-1(f) the matter will be determined on the basis of the written memoranda without the assistance of oral argument.

While many of the pending motions currently before the court duplicate, in large part, motions already heard and decided, this motion for partial summary judgment on plaintiff's Third Cause of Action was not addressed in specific detail in the court's earlier bench ruling and is appropriately before the court for consideration at this time.

The License Agreement is a clear, unambiguous contract. As such, the court is capable of interpreting its terms and the parties' respective obligations as a matter of law without resort to extraneous evidence. See Bondy v. Levy, 829 P.2d 1342, 1346 (Idaho 1992)(citation omitted)("The determination and legal effect of a contractual provision is a question of law where the contract is clear and unambiguous, and courts cannot revise the contract in order to change or make a better agreement for the parties."). By its terms, the License Agreement grants plaintiff "an exclusive royalty-free right to use the [identified "MK Gold" mark] in connection with gold and precious metal exploration, mining and extraction services." License Agreement para. 1, attached as Exhibit B to Defs. Memorandum in Support. The License Agreement further clearly allows defendant "to continue to expand use or registration of its MK-related marks in any way." Id. at para. 8. In addition, the License Agreement specifies that ownership of the

mark in question, as well as all other related MK marks remains with defendant. See Id. at para. 6.

The court finds no language, express or implied, in the License Agreement which impairs defendant's rights, in any way, to continue to use the MK marks. Even construing all facts in plaintiff's favor, there is nothing in plaintiff's complaint and no evidence filed in opposition to the motion for partial summary judgment which could persuade a reasonable trier of fact that defendant has breached the License Agreement. Plaintiff's claims regarding breach are appropriately limited to claims involving the Non-Compete Agreement.

Finding no breach of the License Agreement the court turns to plaintiff's claims for breach of the implied covenant of good faith and fair dealing. Plaintiff has cited no authority which contradicts the principle relied upon by defendant that "[u]nder Idaho law, which is applicable pursuant to the License Agreement's terms, the implied covenant of good faith and fair dealing does not and cannot serve to expand the express obligations of an agreement." Defs. Memo. in Support at 5. Defendant cites Idaho First Nat'l Bank v. Bliss Valley Foods, 824 P.2d 841, 862-64 (Idaho 1991) (implied covenant of good faith "requires only that the parties

perform in good faith the obligations imposed by their agreement" and "[n]o covenant will be implied which is contrary to the terms of the contract negotiated and executed by the parties"), and Scott v. Castle, 662 P.2d 1163, 1167-68 (Idaho Ct. App. 1983), for support. Plaintiff's cases merely indicate the existence of the implied covenant of good faith and fair dealing in general, a principle of law no party contests. Because plaintiff gives the court no basis for allowing the issue to go to a jury, summary judgment on plaintiff's Third Cause of Action is warranted.

Accordingly, defendant's motion for partial summary judgment on plaintiff's Third Cause of Action is granted.

So Ordered.

DATED this __3-1__ day of __June__, 1999.

BY THE COURT:

_/s/ David Sam_
DAVID SAM
CHIEF JUDGE
U.S. DISTRICT COURT

```
                                                              asb
                 United States District Court
                           for the
                     District of Utah
                      June 4, 1999


               * * MAILING CERTIFICATE OF CLERK * *


Re:  2:96-cv-00935



True and correct copies of the attached were mailed by the clerk to the
following:


     Mr. David A Greenwood, Esq.
     VAN COTT BAGLEY CORNWALL & MCCARTHY
     50 S MAIN STE 1600
     PO BOX 45340
     SALT LAKE CITY, UT  84145
     JFAX 9,5340058

     Mr. David L Arrington, Esq.
     DURHAM EVANS JONES & PINEGAR
     50 S MAIN STE 800
     SALT LAKE CITY, UT  84144
     JFAX 9,5382710

     Richard D. Parry, Esq.
     720 PARK BLVD
     PO BOX 73
     BOISE, ID  83729
     JFAX 8,208,3865220

     Brent O. Hatch, Esq.
     HATCH & JAMES
     10 W BROADWAY STE 400
     SALT LAKE CITY, UT  84101
     JFAX 9,3636666

     Mr. Alan L Sullivan, Esq.
     SNELL & WILMER LLP
     111 E BROADWAY STE 900
     SALT LAKE CITY, UT  84111
     JFAX 9,2371950

     James S. Jardine, Esq.
     RAY QUINNEY & NEBEKER
     79 S MAIN ST
     PO BOX 45385
     SALT LAKE CITY, UT  84145-0385
     JFAX 9,5327543
```