FILED
CLERK U.S. DISTRICT COURT

28 MAR 01 AM 8:48

DISTRICT OF UTAH

BY:_____
DEPUTY CLERK

IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MK GOLD COMPANY, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MORRISON KNUDSEN CORPORATION, a Delaware corporation<br><br>Defendant. | ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>Case No. 2:96cv0935 ST |
| LEUCADIA NATIONAL CORPORATION, a New York corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MORRISON KNUDSEN CORPORATION, a Delaware corporation,<br><br>Defendant. | |



Before the Court is Defendant's motion for partial summary judgment on the issue of whether Defendant breached a non-compete agreement with Plaintiff MK Gold Company by pursuing the San Cristobal mining project. Oral argument on the motion was heard on Wednesday, March 21, 2001. The Court, having reviewed the memoranda submitted by the parties, the relevant law, and the arguments set forth by the parties, and being fully advised, hereby enters the following order:

1. Summary judgment is appropriate where "there is no genuine issue as to any material fact." Fed. R. Civ. Proc. 56. A dispute is "genuine" if "'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Dreiling v. Peugeot Motors of America, Inc., 850 F.2d 1373, 1377 (10th Cir. 1988) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). In making the decision, the trial judge must consider all the evidence in the light most favorable to the nonmoving party, and should not weigh the evidence to determine the truth of the matter, but instead must ask "whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented." Id. (quotations omitted).

2. The controlling contractual provision for purposes of Defendant's motion is set forth in section 2.2 of the non-compete agreement, which provides in relevant part:

   2.2 Exceptions. Morrison Knudsen and its Affiliates shall not be precluded by this Agreement from . . . (f) engaging in any activity with respect to any mine or project that, based upon (i) the reasonable belief of Morrison Knudsen after due inquiry and (ii) a written report of an independent

2

professional expert in mining or geology, is expected over the life of the mine or project not to be primarily engaged in the mining of or not primarily result in the production of Precious Metals.

3. The Court finds that there is a genuine issue of material fact about whether Defendant conducted a "due inquiry" and based its decision to pursue the San Cristobal project on a "reasonable belief" that the project was not expected to be primarily engaged in the mining of, or primarily result in the production of, precious metals. Accordingly, Defendant's motion for summary judgment is DENIED.

SO ORDERED.

DATED this 28th day of March, 2001.

BY THE COURT:

_____
TED STEWART
United States District Judge

```
                                                          tsi
                  United States District Court
                           for the
                       District of Utah
                       March 28, 2001


             * * CERTIFICATE OF SERVICE OF CLERK * *


Re:   2:96-cv-00935



True and correct copies of the attached were either mailed or faxed by the
clerk to the following:


      James S. Jardine, Esq.
      RAY QUINNEY & NEBEKER
      79 S MAIN ST
      PO BOX 45385
      SALT LAKE CITY, UT  84145-0385
      JFAX 9,5327543

      Mr. David A Greenwood, Esq.
      VAN COTT BAGLEY CORNWALL & MCCARTHY
      50 S MAIN STE 1600
      PO BOX 45340
      SALT LAKE CITY, UT  84145
      JFAX 9,5340058

      Mr. Alan L Sullivan, Esq.
      SNELL & WILMER LLP
      15 W SOUTH TEMPLE STE 1200
      GATEWAY TOWER W
      SALT LAKE CITY, UT  84101
      JFAX 9,2571800

      Richard D. Parry, Esq.
      720 PARK BLVD
      PO BOX 73
      BOISE, ID  83729
      JFAX 8,208,3865220

      Brent O. Hatch, Esq.
      HATCH & JAMES
      10 W BROADWAY STE 400
      SALT LAKE CITY, UT  84101
      JFAX 9,3636666

      Mr. David L Arrington, Esq.
      DURHAM JONES & PINEGAR
      111 E BROADWAY STE 900
      SALT LAKE CITY, UT  84111
      JFAX 9,4153500

      Mr. David K Isom, Esq.
```

```
DAVID K ISOM LAW OFFICES
60 E SOUTH TEMPLE
1680 EAGLE GATE TOWER
SALT LAKE CITY, UT  84111-1006
JFAX 9,3666010
```