VAN COTT, BAGLEY, CORNWALL & McCARTHY
David A. Greenwood (1250)
Stephen K. Christiansen (6512)
50 South Main Street, Suite 1600
Post Office Box 45340
Salt Lake City, Utah 84145-0340
Telephone: (801) 532-3333
Facsimile: (801) 534-0058

DURHAM, JONES & PINEGAR
David L. Arrington (4267)
111 East Broadway #900
Salt Lake City, Utah 84111
Telephone: (801) 538-2424
Facsimile: (801) 538-2425

Attorneys for Plaintiff MK Gold Company

FILED
CLERK, U.S. DISTRICT COURT
28 MAR 01 AM 11:22
DISTRICT OF UTAH
BY:_____
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MK GOLD COMPANY, a Delaware corporation,<br>    Plaintiff,<br><br>vs.<br><br>MORRISON KNUDSEN CORPORATION, a Delaware corporation,<br>    Defendant.<br><br>LEUCADIA NATIONAL CORPORATION, a New York corporation,<br>    Plaintiff,<br><br>vs.<br><br>MORRISON KNUDSEN CORPORATION, a Delaware corporation,<br>    Defendant. | **MK GOLD'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE FROM EVIDENCE TESTIMONY FROM MR. BROUGH ON DAMAGES FROM THE SAN CRISTOBAL PROJECT**<br><br>Civil No. 2:96-CV-935 ST<br>Civil No. 2:98-CV-327 ST<br><br>Hon. Ted Stewart |

277:226290v1



Plaintiff MK Gold Company, through counsel, respectfully submits this Memorandum in Opposition to Defendant's Motion in Limine to Exclude From Evidence Testimony from Mr. Brough On Damages from the San Cristobal Project.

## I. SAN CRISTOBAL PROFITS REMAIN RELEVANT TO MK GOLD'S EQUITABLE CLAIMS.

Although Morrison Knudsen argues that Morrison Knudsen "will not undertake any mining whatsoever at San Cristobal and will make no profits," there is no evidence to support such a broad claim. Rather, the only undisputed facts are that: (1) Morrison Knudsen bid on San Cristobal; (2) Apex Silver notified Morrison Knudsen that it intended to award the mining services contract to Morrison Knudsen; and (3) Apex Silver, **after Morrison Knudsen filed its Motion for Summary Judgment on San Cristobal**, notified Morrison Knudsen that it was revoking the Notice of Intent. However, neither Apex Silver nor Morrison Knudsen has, to MK Gold's knowledge, disclosed to the public or their respective shareholders that the Notice of Intent has been revoked, let alone that Morrison Knudsen will not be performing any work at San Cristobal. This fact is surprising considering the self-created fanfare surrounding Apex Silver's original decision to award the contract to Morrison Knudsen. *See* "Washington Group Named Mining Contractor for San Cristobal," Apex Press Release, Sep. 13, 2000 (Exhibit "A").

Moreover, to date no officer of Morrison Knudsen or Apex Silver has ever testified that Morrison Knudsen will not perform work at San Cristobal. Nor has Apex Silver announced either that the San Cristobal contract is being re-bid or that the contract has been awarded to a third party. Accordingly, all MK Gold knows is that Morrison Knudsen, in violation of the Noncompete Agreement and in head-to-head competition with MK Gold, bid on the project, was selected as the mining services contractor, and that its status on that project is presently in limbo. Unless and until MK Gold receives actual confirmation (such as a sworn affidavit) that Morrison

2

277:226290v1

Knudsen will not perform work at San Cristobal, the anticipated profits from that project remain highly relevant to MK Gold's damages claim.

Damages in noncompete cases are inherently difficult to prove. Nevertheless, a breaching party "will not be permitted to escape liability because of the lack of a perfect measure of the damages caused by his breach." *Stanolind Oil & Gas Co. v. Kimmel*, 68 F.2d 520, 522 (10th Cir. 1934). "A reasonable basis for computation, and the best evidence which is obtainable under the circumstances of the case and which will enable the jury to arrive at an approximate estimate of the loss, is sufficient." *Id.* In the noncompete context, the courts have allowed evidence of a covenant violator's profits to be considered by the trier of fact in determining the plaintiff's damages. *See, e.g., Cherne Indus., Inc. v. Grounds & Assocs., Inc.*, 278 N.W.2d 81 (Minn. 1979); Restatement (Second) of Contracts § 352 cmt. b & illus. 6-7. The San Cristobal Project is prime evidence of the value of the Noncompete Agreement to MK Gold. If the jury finds a breach, such evidence will help guide their damage award. This Court has already reached this determination, and there is no reason for the Court to now find otherwise.

## II. MK GOLD CAN ARGUE TO THE JURY THAT IT LOST PROFITS AS A RESULT OF MORRISON KNUDSEN'S UNLAWFUL COMPETITION.

MK Gold has a good faith argument to present to the jury that it lost profits on San Cristobal because of Morrison Knudsen's unlawful competition. Morrison Knudsen **did** do something to prevent MK Gold from entering into a relationship with Apex Silver: it pursued the project, in head-to-head competition with MK Gold, in violation of the Noncompete Agreement. In fact, Morrison Knudsen did the **one thing** it had promised it **would not do**. Morrison Knudsen again misquotes Keith Hulley as saying that MK Gold "was not qualified"; Mr. Hulley testified that MK Gold was not **as qualified** as other bidders, including Morrison Knudsen. The point of the Noncompete Agreement was that Morrison Knudsen doesn't have to affirmatively

3

do anything to thwart MK Gold's efforts—the parties knew what the **mere presence** of Morrison Knudsen in the precious metals mining industry would do to MK Gold's chances of succeeding in that business. It was the industry's likely recognition of that impact that prompted the creation of the Noncompete Agreement. Morrison Knudsen breached that Agreement by pursuing, bidding on and obtaining the San Cristobal contract, and Morrison Knudsen's actions assured MK Gold could not get a contract with Apex Silver in any form.

Contrary to Morrison Knudsen's argument, MK Gold need not prove it would have gotten the San Cristobal Project but for Morrison Knudsen's competition. This issue has been presented twice to this Court already and has been decided twice for MK Gold. The case Morrison Knudsen primarily cites for its position expressly relied on Louisiana law. *See Morris v. Homco Intern., Inc.*, 853 F.2d 337, 344 (5th Cir. 1988). Under Delaware law, however, courts give greater latitude to the factfinder to consider evidence of party's damages. In fact, a jury presented with conflicting expert evaluations of a plaintiff's damages "has great latitude. It can accept or reject, in whole or in part, a parties [sic] evidence and fix its verdict upon the basis of that portion of the testimony it chooses to accept." *Ripsom v. Beaver Blacktop, Inc*, 1998 WL 32071 (Del. Super. 1988) (upholding jury verdict awarding plaintiff lost profits for breach of contract). Moreover, Delaware courts recognize that lost profits are sometimes "incapable of proof. If the defendant had reason to foresee this kind of harm and the difficulty of proving its amount, the injured party will not be denied a remedy in damages because of the lack of certainty." *Emmitt S. Hickman Co. v. Emilio Capaldi Developer, Inc.*, 251 A.2d 571, 573 (Del. Super. 1969) (internal quotations omitted). Mr. Brough's testimony regarding San Cristobal profits is therefore relevant, admissible evidence that should not be excluded.

4

DATED this 28th day of March, 2001.

VAN COTT, BAGLEY, CORNWALL & MCCARTHY

By: _____
David A. Greenwood
Stephen K. Christiansen
Attorneys for Plaintiff MK Gold

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing **MK GOLD'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE FROM EVIDENCE TESTIMONY FROM MR. BROUGH ON DAMAGES FROM SAN CRISTOBAL** to be hand delivered this 28th day of March, 2001, to the following:

    Brent O. Hatch, Esq.
    HATCH, JAMES & DODGE
    10 West Broadway, Suite 400
    Salt Lake City, Utah 84101

    Alan L. Sullivan, Esq.
    SNELL & WILMER
    15 W. South Temple, Suite 1200
    Salt Lake City, Utah 84101

_____

277:226290v1

Exhibits/ Attachments to this document have **not** been scanned.

Please see the case file.